THE STATE OF OHIO, APPELLEE, *v.* DAWSON, APPELLANT.

Mr. *John T. Corrigan*, prosecuting attorney, for appellee.

Mr. *Paul Mancino, Jr.*, for appellant.

---

[1] Assignment of Error No. 1:

"The court committed prejudicial error in not granting the motion of the defendant for

(No. 47609 — Decided June 4, 1984.)

PATTON, J. Defendant-appellant, Daner Dawson, was indicted on a two-count indictment for the offenses of attempted rape and gross sexual imposition. Appellant entered a plea of guilty on the lesser included offense of gross sexual imposition to the first count of the indictment (attempted rape), and a plea of guilty to the second count of the indictment (gross sexual imposition). Appellant was thereafter referred to the probation department for a presentence investigation.

On September 13, 1983, appellant was sentenced to a term of imprisonment of three to ten years on the first count and one to five years on the second count, such terms to run consecutively. Appellant presently takes exception to this sentence, contending that he is entitled to a definite sentence, as provided by R.C. 2929.11(D).[1]

R.C. 2929.11(D) provides in pertinent part the following:

"Whoever is convicted of or pleads guilty to a felony of the third or fourth degree and did not, during the commission of that offense, cause physical harm to any person nor make an actual threat of physical harm to any person with a deadly weapon, as defined in section 2923.11 of the Revised Code, and who has not previously been convicted of an offense of violence shall be imprisoned for a definite term, and, in addition, may be fined or required to make restitution. * * *"

To entitle a defendant to the provisions of R.C. 2929.11(D), it is necessary that the defendant did not, during the commission of the offense charged, cause physical harm to any person or

modification of sentence and sentencing the defendant to a definite sentence."

make an actual threat of physical harm to any person with a deadly weapon.

In the instant matter, the appellant herein had sexual contact with Artielia Lewis, a child of five years of age. The term "sexual contact" as defined per R.C. 2907.01(B) means "any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person."

While this unconsented touching undoubtedly had a tremendous psychological effect and impact on its child-victim,[2] the controlling issue for this court's resolution is whether such conduct constituted "physical harm" as defined by R.C. 2901.01(C).[3] We conclude that based upon the record before us, appellant did not cause "physical harm" to the victim. In reaching this conclusion, however, we limit our holding to the limited record before us. In the case *sub judice,* the trial court failed, in accepting the appellant's pleas, to question the appellant on the specific facts of this action. We are therefore limited in this review to the circumstances of appellant's pleas and the two-count indictment to which appellant pled. Finding no evidence presented as regarding the child's incurring of physical harm, we are constrained to conclude that no physical harm, per R.C. 2901.01(C), occurred.

Appellant was therefore entitled to the definite sentencing provisions of R.C. 2929.11(D).

We accordingly remand this matter to the trial court for further proceedings consistent with this opinion.

*Sentence vacated and cause remanded.*

CORRIGAN, P.J., and MARKUS, J., concur.

---

[2] We note that the trial court relied upon the psychological impact the appellant's actions undoubtedly had upon the child-victim to sustain its finding of "physical harm."

While we appreciate the trial court's position in this matter, we are constrained to find that such an interpretation does not fall within the purview of R.C. 2901.01(C). See Committee Comment H.B. No. 511, wherein "mental illness" is specifically exempted from the statute's definition of "physical harm."

[3] R.C. 2901.01(C) provides:

" 'Physical harm to persons' means any injury, illness, or other physiological impairment, regardless of its gravity or duration."