THE STATE OF OHIO, APPELLEE, *v.*
RAGLAND, APPELLANT.

(No. 1874—Decided June 27, 1984.)

*James A. Berry,* prosecuting attorney, and *David E. Smith,* for appellee.

*Ronald L. Galluzzo,* county public defender, and *Duane M. White,* for appellant.

*Per Curiam.* On July 5, 1983, defendant-appellant Richard Ragland pleaded guilty in the Clark County Court of Common Pleas to aggravated murder in violation of R.C. 2903.01, with a firearm specification per R.C. 2929.71, and aggravated assault in violation of R.C. 2903.12. Both offenses were committed April 14, 1983.

At sentencing, the trial court first addressed the murder charge and sentenced defendant to life in prison with eligibility for parole after twenty years, in addition to three years' actual incarceration for the firearm specification. On the fourth degree felony of aggravated assault, the court neglected to inform defendant of his right to choose to be sentenced under the law in effect at the time the offense was committed, or the law in effect at the time of sentencing, per R.C. 2929.61(C). That section of the law reads in part as follows:

"* * * Persons convicted or sentenced on or after July 1, 1983, for an offense that is a felony of the third or fourth degree and that was committed on or after January 1, 1974, and before July 1, 1983, *shall be notified by the court sufficiently in advance of sentencing that they may choose to be sentenced pursuant to either the law in effect at the time of the commission of the offense or the law in effect at the time of sentencing. This notice shall be written and shall include the differences between and possible effects of the alternative sentence forms and the effect on the person's refusal to choose.* The person to be sentenced shall then inform the court in writing of his choice, and shall be sentenced accordingly. Any person choosing to be sentenced pursuant to the law in effect at the time of the commission of an offense that is a felony of the third or fourth degree shall then be eligible for parole, and this person cannot at a later date have his sentence converted to a definite sentence. If the person refuses to choose between the two possible sentences, the person shall be sentenced pursuant to the law in effect at the time of the commission of the offense." (Emphasis added.) (Effective July 1, 1983.)

The court sentenced defendant under the law in effect at the time of the

offense, and imposed the maximum penalty allowed, an indefinite term of two to five years. Further, the court specified that the term be served consecutively with the sentence imposed for aggravated murder. The maximum penalty permissible under the law in effect *at the time of sentencing* was a definite term of eighteen months on the aggravated assault charge. See R.C. 2929.11(D)(2).

After the sentence was imposed, the record discloses that no objection was made by counsel or the defendant to the failure of the court to follow the mandatory requirements of R.C. 2929.61(C).

Appellant contends the trial court committed prejudicial error by sentencing the appellant to an indeterminate term of imprisonment of two to five years on the aggravated assault charge without first providing the defendant the opportunity to elect between a definite or indeterminate form of sentencing for that charge.

The state contends the appellant waived his right to object to the trial court's failure to permit him to make an election under R.C. 2929.61(C) by not entering a timely objection to the court's sentence. *State* v. *Williams* (1977), 51 Ohio St. 2d 112 [5 O.O.3d 98].

The Supreme Court of Ohio in *Silsby* v. *State* (1928), 119 Ohio St. 314, held that the requirements of R.C. 2947.05, that before sentence is pronounced the defendant must be informed by the court of its findings and asked whether he has anything to say why judgment should not be pronounced against him, is a mandatory duty unless specifically waived by the defendant. See, also, *Columbus* v. *Herrell* (1969), 18 Ohio App. 2d 149 [47 O.O.2d 254].

We believe R.C. 2929.61(C) imposes an analogous mandatory duty upon the court to give the defendant an opportunity to elect that sentence which he believes is most favorable to him. Failure to substantially comply with this legislative requirement requires reversal.

The judgment and sentence are reversed and remanded to the trial court for resentencing in compliance with law.

*Judgment reversed and cause remanded.*

BROGAN, P.J., WILSON and WEBER, JJ., concur.