THE STATE OF OHIO, APPELLEE, *v.*
JONES, APPELLANT.

(No. 50454 — Decided January 8, 1986.)

*John T. Corrigan,* prosecuting attorney, for appellee.

*Paul Mancino, Jr.,* for appellant.

ANN MCMANAMON, J. Defendant-appellant, Janice Jones, challenges the trial court's denial of her motion to modify her sentence on an aggravated assault charge to a definite term of imprisonment. Defendant's delayed appeal raises two assignments of error,[1] neither of which is well-taken.

This case arose after a multiple stabbing allegedly perpetrated by defendant Jones and James W. Pewitt on July 14, 1982. They were both indicted for felonious assault. (R.C. 2903.11.) Jones entered a not guilty plea. On June 14,

---

[1] The assignments of error are:

I

"The court committed prejudicial error in refusing to grant the motion of the defendant for modification or correction of sentence."

1983, she elected to withdraw her plea and enter a plea of guilty to the lesser included offense of aggravated assault (R.C. 2903.12), a fourth degree felony.

On August 1, 1983, the trial court sentenced Jones under the law in effect at the time the offense was committed, imposing an indefinite term of one to five years. On November 14, 1983, defendant filed a motion for modification and correction of sentence, on the ground that she was entitled to a definite sentence under the statute in effect at the time of sentencing. In a journal entry dated December 22, 1983, the court overruled this motion, and concluded that Jones was ineligible for a definite sentence since aggravated assault includes the element of physical harm.

In her first assignment of error, defendant takes exception to the judge's ruling in this regard and argues that the trial court failed to comply with the sentencing procedures required by R.C. 2929.61(C). Specifically, defendant contends that R.C. 2929.61(C) entitled her to choose between the penalty statute applicable at the time the offense was committed, or the law in effect at the time of sentencing. R.C. 2929.61(C) does provide in pertinent part that:

"* * * Persons convicted or sentenced on or after July 1, 1983, for an offense that is a felony of the third or fourth degree and that was committed on or after January 1, 1974, and before July 1, 1983, shall be notified by the court sufficiently in advance of sentenc-

II

"The defendant was denied due process of law and equal protection of the law when the court proceeded to modify the sentence of the co-defendant to a definite sentence, but refused to modify the sentence of this defendant to a definite sentence for the same offense."

ing that they may choose to be sentenced pursuant to either the law in effect at the time of the commission of the offense or the law in effect at the time of sentencing. * * *"

In the instant case, the offense was committed on July 14, 1982, and defendant was sentenced on August 1, 1983. Thus, defendant correctly asserts that she theoretically fell within the purview of R.C. 2929.61(C). The statute in effect at the time the offense was committed provided for an indefinite sentence, a minimum term of six months, one year, eighteen months, or two years, up to a maximum term of five years. (See former R.C. 2929.11[B][4], 137 Ohio Laws, Part I, 294, 297-298.)

However, at the time of sentencing, R.C. 2929.11 had been amended, effective January 5, 1983 and July 1, 1983, so as to institute definite sentences, but to restrict definite sentences to those who "did not, during the commission of [the] * * * offense, cause physical harm to any person nor make an actual threat of physical harm to any person with a deadly weapon * * *." (R.C. 2929.11[D].)

This court has interpreted the amended version of R.C. 2929.11(D) to exclude a definite sentence for offenses during which the offender (a) "cause[d] physical harm to any person," or (b) made "an actual threat of physical harm to any person with a deadly weapon." *State* v. *Johnson* (May 17, 1984), Cuyahoga App. No. 47495, unreported; *State* v. *Dawson* (1984), 16 Ohio App.3d 443, 16 OBR 515, 476 N.E. 2d 382.

Defense counsel relies upon *State* v. *Ragland* (1984), 17 Ohio App. 3d 221, 17 OBR 463, 478 N.E. 2d 1014, a decision in which the Second District Court of Appeals construed R.C. 2929.61(C) without consideration of R.C. 2929.11(D). A review of both subsections requires us to follow our previous rulings in *Johnson* and *Dawson, supra.*

In the instant case, the court amended the indictment from felonious assault to aggravated assault. Defendant pleaded guilty to this lesser included offense. It is undisputed that this lesser offense includes the element of physical harm or threat of physical harm with a deadly weapon. A guilty plea is a complete admission of a defendant's guilt. Crim. R. 11(B). Therefore, regardless of the choice afforded by R.C. 2929.61(C), defendant was not entitled to the definite sentencing provision of R.C. 2929.11(D), and was properly sentenced to an indefinite term in accordance with former R.C. 2929.11.

Defendant's first assignment of error is not well-taken.

In her second assignment of error, defendant argues that she was afforded different treatment than that accorded co-defendant Pewitt, in violation of her constitutional rights. Both Jones and Pewitt were indicted for felonious assault, pleaded guilty to the lesser offense of aggravated assault, and received sentences of an indefinite term of one to five years. However, the court modified Pewitt's sentence to a definite one year of minimum confinement. It is Jones' position that she is entitled to a definite sentence since Pewitt received one and that, accordingly, the trial court erroneously denied her motion to modify her sentence.

As we have noted in our discussion of the first assignment of error, defendant was not entitled to a definite sentence pursuant to R.C. 2929.61(C) and 2929.11(D). A violation of the Equal Protection Clause occurs where there is deliberate discrimination between persons in similar circumstances based upon an unjustifiable standard, such as race, religion, or other arbitrary classification. *Oyler* v. *Boles* (1962), 368 U.S. 448, 456. There is no evidence of intentional discrimination in the instant case. Rather, the court's decision to sentence Jones to an indefinite term of confinement was based upon a proper interpretation and application of the

relevant penalty statutes. While the court may have erred in sentencing Pewitt, that error does not require us to permit it in this case. To hold otherwise would mean that a court's initial error must be perpetuated in all subsequent cases.

Accordingly, defendant's second assignment of error is without merit, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

PATTON and CORRIGAN, JJ., concur.