OPINION
This timely appeal arises from a trial court judgment sentencing Appellant Chester A. Boone to an indefinite term of ten to twenty-five years on a charge of attempted murder and an indefinite term of ten to twenty-five years on a charge of aggravated robbery. For the reasons stated herein, this Court affirms the decision of the trial court.
According to the record, on or about July 19, 1992, Appellant and his wife/co-defendant, Charlotte Willis, AKA Charlotte Boone, were transporting Thomas Tisdale to a drug transaction in Dayton Ohio. Appellant was driving the car when he stopped on Liberty Road in Mahoning County, Ohio, and allegedly told Charlotte to shoot the victim. Charlotte shot the victim twice in the back of the head and once in the right wrist. Another bullet grazed the victim's head. Appellant and Charlotte then threw the victim into a ditch and took approximately $4,000.00 which the victim received from a social security disability settlement.
On April 7, 1995, Appellant was indicted on one count of attempted murder with a firearm specification and one count of aggravated robbery with a firearm specification. Charlotte was indicted on the same charges.
On November 6, 1995, pursuant to a Crim.R. 11 plea agreement, Appellant pleaded guilty to one count of attempted murder and to one count of aggravated robbery. In exchange for Appellant's guilty pleas, the State agreed to remain silent at sentencing and to not oppose parole at the earliest possible date. The State also agreed that it would dismiss the firearm specifications on each count in exchange for the guilty plea and would recommend concurrent sentencing on both charges. (Plea Tr. 3 and Sent. Tr. 2.) Charlotte pleaded guilty to felonious assault with a firearm specification and was sentenced to a term of three to fifteen years to be served consecutively to and subsequently to a mandatory three year sentence for the gun specification. (See Appellant's Exhibit "B".)
In a Judgment Entry dated December 11, 1995, the trial court sentenced Appellant to an indefinite term of ten to twenty-five years on attempted murder and an indefinite term of ten to twenty-five years on the aggravated robbery charge. On January 10, 1996, Appellant filed his notice of appeal.
Appellant's sole assignment of error alleges:
 "THE TRIAL COURT ABUSED ITS DISCRETION BY IMPOSING ON APPELLANT A SENTENCE WHICH WAS DISPROPORTIONATE TO THAT OF THE CO-DEFENDANT, IN VIOLATION OF THE FIFTH, EIGHTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION, SECTIONS 9 AND 16 OF THE OHIO CONSTITUTION, AND OHIO REVISED CODE 2929.12."
A trial court is vested with broad discretion in imposing a felony sentence and that sentence will not be reversed unless it is statutorily incorrect or the trial court abused its discretion by failing to consider the statutory sentencing factors. State v.Perkins (1994), 93 Ohio App.3d 672, 684-685, citing State v.Kroner (1988), 49 Ohio App.3d 133; State v. Henry (1987), 37 Ohio App.3d 3;State v. Yontz (1986), 33 Ohio App.3d 342. See also,State v. Bacon (1996), 109 Ohio App.3d 877, 879. An abuse of discretion, ". . . connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." State v. Adams (1980), 62 Ohio St.2d 151,157.
Appellant contends that the trial court abused its discretion and denied him his rights to equal protection, due process and protection against cruel and unusual punishment when it sentenced him to a harsher penalty than that received by his co-defendant who was the principal offender in the shooting. Appellant concedes that the sentence imposed by the trial court was not outside of the statutory limits set for the crimes to which he entered a plea and agrees that sentencing is a matter within the discretion of the trial court.
However, Appellant argues that discretion in sentencing cannot be exercised without an evaluation of all aggravating and mitigating factors and that failure to evaluate these factors is an abuse of discretion and constitutes reversible error.Cleveland v. Egeland (1986), 26 Ohio App.3d 83, 90. Appellant contends that the trial court improperly applied the sentencing criteria of R.C. § 2929.12, as Appellant would have received a less severe sentence than Charlotte had the proper criteria been employed.
We have held that, "[a] trial court generally does not abuse its discretion when a term of imprisonment in a case falls within the statutory guidelines." State v. Hoffman (July 24, 1996), Mahoning App. No. 94 C.A. 231, citing State v. Rosenberger
(1993), 90 Ohio App.3d 735, 741. Appellant concedes that his sentence was within the statutorily allowable period recognized by law. Former R.C. § 2929.11, in effect at the time of Appellant's sentencing, provided that an offender committing an aggravated felony of the first degree may be sentenced to an indefinite period of not less than five, six, seven, eight, nine or ten years and no more than twenty five years. Appellant entered a plea of guilty to two aggravated felonies of the first degree; attempted murder in violation of R.C. § 2923.02(A) (E) and R.C. § 2903.02(A)(B) and aggravated robbery in violation of R.C. § 2911.01(A)(1)(B).
While the sentencing reflects that the trial court did not abuse its discretion based on statutory guidelines, it is equally apparent from the record that there was no abuse of discretion in the sentencing proceedings. R.C. § 2929.12 provides in relevant part:
 "(B) The following do not control the court's discretion, but shall be considered in favor of imposing a longer term of imprisonment for a felony for which an indefinite term of imprisonment is imposed:
(1) The offender is a repeat or dangerous offender;
 "(2) Regardless of whether the offender knew the age of the victim, the victim of the offense was sixty-five years of age or older, permanently and totally disabled, or less than eighteen years of age at the time of the commission of the offense;
 "(3) The victim of the offense has suffered severe social, psychological, physical, or economic injury as a result of the offense.
 "(C) The following do not control the court's discretion, but shall be considered in favor of imposing a shorter minimum term of imprisonment for a felony for which an indefinite term of imprisonment is imposed:
 "(1) The offense neither caused nor threatened serious physical harm to persons or property, or the offender did not contemplate that it would do so;
 "(2) The offense was the result of circumstances unlikely to recur;
"(3) The victim of the offense induced or facilitated it;
 "(4) There are substantial grounds tending to excuse or justify the offense, though failing to establish a defense;
"(5) The offender acted under strong provocation;
 "(6) The offender has no history of prior delinquency or criminal activity, or has led a law-abiding life for a substantial time before commission of the present offense;
 "(7) The offender is likely to respond quickly to correctional or rehabilitative treatment.
 "(D) The criteria listed in divisions (B) and (C) of this section do not limit the matters that may be considered in determining the minimum term of imprisonment to be imposed for a felony for which an indefinite term of imprisonment is imposed."
The trial court expressly relied on the factors found in R.C. §2929.12 in favor of imposing a longer term of imprisonment on appellant and was cognizant of the fact that the factors do not completely control the court's discretion in sentencing. (Sent. Tr. 9-10.) The courted specifically noted the severe injury to the victim. (Sent. Tr. 9.) The court also reviewed the factors in favor of a shorter sentence as set forth by R.C. § 2929.12. (Sent. Tr. 9-10, 12-13.) However, the court found no circumstances favoring a shorter sentence. Certainly R.C. §2929.12(D) would permit the court to consider the codefendant's role in the crime, however, we stress, as does R.C. § 2929.12, that no single consideration can control a court's discretion in imposing a sentence within the relevant guidelines.
Since the trial court explicitly considered the statutory factors on the record and in its Judgment Entry, applied them to the case at hand and issued a sentence within the limits set forth in R.C. § 2929.11, we cannot conclude that the court acted in an unreasonable, arbitrary or unconscionable manner. Therefore, the trial court committed no abuse of discretion.
Appellant also contends that his sentence violated hisEighth Amendment protection against cruel and unusual punishment as it was disproportionately severe as compared to that of his co-defendant. For support, Appellant cites Solem v. Helm (1983),463 U.S. 277, 292 where the United States Supreme Court held that a court should be guided by objective criteria in determining if a sentence is disproportionately severe, including the gravity of the offense, the harshness of the penalty, the sentences imposed on other criminals in the same jurisdiction and sentences imposed for commission of the same crimes in other jurisdictions. Appellant contends that no legitimate basis existed for the disparity in sentencing between Appellant and his co-defendant.
Appellant's contention here is unfounded. Prosecutors are not required to plea bargain co-defendants on the same charges and offer them identical deals. The State has no constitutional duty to:
 "* * * accept guilty pleas in exchange for more lenient sentencing, even if an accomplice already has plea-bargained successfully for the lighter sentence. As a practical matter, it is questionable whether the prosecution's plea-bargaining position relative to subsequently-tried accomplices might not be seriously eroded, if the state were bound to acquiesce in gentler sentences in exchange for the guilty pleas of all subsequently-tried accomplices, once the first plea-bargain had been reached."
State v. Jackson (1977), 50 Ohio St.2d 253, 258-259, death penalty vacated (1978), 438 U.S. 911.
Further, a trial court does not have to sentence co-defendants equally. Disparity of sentencing does not justify reversal when the sentence is neither illegal nor an abuse of discretion. Statev. Jamison (1990), 49 Ohio St.3d 182, 191, citing State v.Jackson, supra.
With respect to Appellant's contention that his sentence constituted cruel and unusual punishment, "Ohio courts have held that a sentence does not violate the constitutional prohibition against cruel and unusual punishment if it is not so greatly disproportionate to the offense as to 'shock the sense of justice of the community.'" State v. Lazada (1995), 107 Ohio App.3d 189,191 citing State v. Chaffin (1972), 30 Ohio St.2d 13, 17. In addition, a reviewing court should defer to the legislative authority to determine the types and limits of punishments for crimes, as well as to the discretion of trial courts in sentencing convicted criminals. State v. Lazada at 191 citingSolem V. Helm, supra, at 290.
As Appellant argues, the United States Supreme Court stated that the proportionality analysis, "* * * should be guided by objective criteria including (i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions."Solem v. Helm, 292. However, Appellant does not recognize that the United States Supreme Court expressly overruled Solem v. Helm
and concluded that a criminal defendant has no proportionality guarantee. Harmelin v. Michigan (1991), 501 U.S. 957, 965. Also, in Harmelin v. Michigan, the plurality of the court stated that comparative analysis is not necessary unless a, "* * * threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality." State v. Lazada,supra at 192, quoting Harmelin v. Michigan, 1005.
In the present case, Appellant pleaded guilty to attempted murder and aggravated robbery and received an indefinite sentence of ten to twenty-five years for each offense. The heinous nature of the offenses when compared to the sentences imposed does not "shock the sense of justice of the community." State v, Lazada,supra at 191. This is apparent from the record when deference is given to the Ohio legislature's sentencing guidelines, as we have discussed previously. We cannot conclude that Appellants sentence was disproportionate to the crimes he committed. Therefore, there is no cause to initiate a comparative sentencing analysis.
Appellant also argues the his sentence is in violation of the equal protection clause and the fundamental fairness requirement of the due process clause. Appellant alleges that he and his co-defendant were similarly situated such that they should have been sentenced similarly and that if anything, Appellant was more favorably situated as he did not pull the trigger. Appellant contends that there was deliberate discrimination between his sentence and his co-defendant's sentence based upon an unjustifiable standard. State v. Jones (1986), 30 Ohio App.3d 85,86.
The court in State v. Jones, stated that "[a] violation of the Equal Protection Clause occurs where there is deliberate discrimination between persons in similar circumstances based upon an unjustifiable standard, such as race, religion, or other arbitrary classification." Id. at 86 citing Oyler v. Boles
(1962), 368 U.S. 448, 456. Appellant has pointed to no unjustifiable standard to compel the application of the Jones
standard. Furthermore, Appellant and his co-defendant were not similarly situated so that an equal protection argument can be sustained. Appellant entered a voluntary, knowing and intelligent plea to the counts of attempted murder and aggravated robbery. His co-defendant entered a plea to felonious assault. The facts indicate that Appellant ordered his wife, the co-defendant, to shoot the victim. The pleas occurred at different times and under different circumstances. Therefore, Appellant and his co-defendant were not similarly situated. Further, no intentional discrimination has been shown, especially since the sentence was properly within the statute.
For the foregoing reasons, we find Appellant's assignment of error to be without merit and affirm the judgment of the trial court.
Cox, P.J., concurs.
Donofrio, J., concurs.
APPROVED:
 _________________________ CHERYL L. WAITE, JUDGE