This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Leo S. Minor appeals from the order of the Summit County Court of Common Pleas convicting him of one count of gross sexual imposition. This Court affirms.
 I.
On July 1, 2000, nine-year old Sara C. and her eight-year old sister Katey, accompanied by their mother, were playing in an area of Rolling Acres Mall known as the "Play Place". At one point, Sara's mother went to purchase a soda. Sara dropped a piece of candy, and Minor approached her and put his both of hands on her buttocks and gave her a pinch. Katey saw Minor touch Sara. Minor walked away when he saw Sara and Katey's mother returning.
After the report of the incident, authorities questioned the fifty-eight year old Minor. Lieutenant Clark Westfall of the Akron Police Department interviewed Minor. Minor claimed that he did not touch little girls.
Minor was indicted on one count of gross sexual imposition, in violation of R.C. 2907.05(A)(4). The matter proceeded to a jury trial. At trial, Minor claimed to be an alcoholic, who drank between eight and ten beers the day of the incident with Sara. Minor testified that he did not recall touching Sara, but that he probably did touch her. Minor testified he received no sexual gratification from the touch, and did not recall being at the "Play Place". The jury found Minor guilty as charged. The trial court sentenced Minor accordingly.
Minor has timely appealed, alleging three assignments of error.
 II. ASSIGNMENT OF ERROR ONE
 THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY FAILING TO GRANT A MISTRIAL AFTER LT. CLARK WESTFALL, THE STATE'S WITNESS, TESTIFIED ABOUT A POLYGRAPH EXAMINATION.
In his first assignment of error, Minor claims that he was prejudiced when a witness called by the state testified that Minor declined to take a polygraph test. This Court disagrees.
The testimony in question came from Lt. Clark Westfall on direct examination from the state. The area of inquiry concerned a follow up interview by Lt. Westfall of Minor:
 Okay. And did he make any statements to you regarding this incident?
 [Minor] said he wanted to come down and talk. I had pulled up prior calls in our in-house computer system to see had he been listed as suspects in any other incidents before. I had run a career criminal history on the subject to gather some information. When he came in, the interview lasted less than nine minutes. I asked him if he wanted to talk about the allegations, he said no. I asked him if he would like to take a polygraph, he said no.
 [COUNSEL FOR MINOR]: Your Honor, objection. Can I approach?
THE COURT: Sustain the objection. You can approach.
The trial court halted the proceedings and convened a side bar conference. Counsel for Minor made a motion for mistrial. The trial court denied the motion, and issued the following curative instruction when proceedings resumed:
 Ladies and gentlemen, there's just a couple of things I want to go over with you before we continue with the trial.
 At the — towards the end of the testimony on, I guess it would have been on Wednesday, Lt. Westfall testified regarding certain items that he checked into and he testified regarding certain questions that he asked the defendant.
 I'm going to ask you to not consider those for any purpose. If those of you don't remember what I'm talking about, all the better. I'm going to ask that anything as it relates to that testimony be stricken from the record and we're going to proceed this morning.
As a threshold matter, this Court notes that the grant or denial of a motion for mistrial is reposed within the sound discretion of the trial court. State v. Garner (1995), 74 Ohio St.3d 49, 59. Mistrials need only be declared when the ends of justice so require and a fair trial is no longer possible. State v. Franklin (1991), 62 Ohio St.3d 118, 127.
In this case, the reference to the polygraph test was inadvertent, succinct, and followed by a curative instruction from the trial court. It is well settled that a jury is presumed to follow the curative instructions of a trial court. See State v. Loza (1994), 71 Ohio St.3d 61,75. Considering the brief mention of the test, the timely sustained objection, the issuance of a curative instruction, and the absence of any discussion of test results or the import of denying a request to take a test, this Court cannot find that Minor was materially prejudiced by the mention of a polygraph test. State v. Spirko (1991), 59 Ohio St.3d 1,6. See, also, State v. Zanders (July 5, 2000), Summit App. No. 19295, unreported, appeal not allowed by (2000), 90 Ohio St.3d 1449 . Accordingly, this Court cannot find that the trial court abused its discretion when it denied the motion for a mistrial. See, e.g., Statev. Garner (1995), 74 Ohio St.3d 49, 59; State v. Holt (1969),17 Ohio St.2d 81, 83-84. Minor's first assignment of error is denied.
ASSIGNMENT OF ERROR TWO
 THE TRIAL COURT EERED IN DENYING APPELLANT'S MOTION PURSUANT TO CRIM.R. 29 FOR JUDGMENT OF ACQUITTAL AT THE CONCLUSION OF THE STATE'S CASE IN CHIEF AND AT THE CONCLUSION OF APPELLANT'S CASE.
In his second assignment of error, Minor claims that his motion for directed verdict of acquittal should have been granted because his conviction for gross sexual imposition was not supported by sufficient evidence. This Court disagrees.
Minor made a motion for directed verdict of acquittal pursuant to Crim. R. 29 after the close of the state's case, and again at the close of all the evidence. However, Minor failed to so move after the jury returned its verdict. In State v. Dossie (Nov. 29, 2000), Summit App. No. 19935, unreported, this Court was confronted with the same procedural posture as in this case, and concluded that the claim of error was waived:
 This Court has long held that if a defendant fails to renew his motion for acquittal, that individual waives his or her right to rely upon the ruling on such motion, and that the defendant has not preserved the issue for appeal. In the instant case, the record indicates that Defendant, after twice moving for a Crim.R. 29 acquittal, to wit: once after the presentation of the State's case and once after the close of the case, failed to renew that motion after the jury returned its verdict, pursuant to Crim.R. 29(C). Accordingly, Defendant cannot challenge the sufficiency of the evidence underlying his conviction on appeal.
(Citations omitted.) See, also, State v. Scruggs (May 23, 2001), Summit App. No. 20221/20222, unreported. Accordingly, Minor's second assignment of error is deemed waived and is overruled.
ASSIGNMENT OF ERROR THREE
 THE TRIAL COURT COMMITTED PREJUDICIAL ERROR AND ABUSE OF DISCRETION IN DENYING APPELLANT'S REQUEST TO CHARGE ON THE LESSER INCLUDED OFFENSE OF ASSAULT IN ADDITION TO THE CHARGE OF GROSS SEXUAL IMPOSITION.
In his third assignment of error, Minor claims that the trial court erred when it declined to instruct the jury on the offense of assault, in violation of R.C. 2903.13(A). This Court disagrees.
Minor moved the trial court to instruct the jury on the offense of assault, alleging that it was a lesser included offense of gross sexual imposition. The trial court denied the motion. When the trial court recited its charge to the jury, at no time did Minor object to the absence of the instruction on assault.
Crim.R. 30(A) provides:
 On appeal, a party may not assign as error the giving or the failure to give any instructions unless the party objects before the jury retires to consider its verdict, stating specifically the matter objected to and the grounds of the objection. Opportunity shall be given to make the objection out of the hearing of the jury.
"However, an exception exists `(1) where the record affirmatively shows that the trial court has been fully apprised of the correct law governing a material issue in dispute, and (2) the requesting party has been unsuccessful in obtaining the inclusion of that law in the trial court's charge to the jury. (Crim.R. 30(A), construed.)'" State v. Brooks (July 13, 1994), Summit App. No. 16192, unreported, quoting State v. Wolons
(1989), 44 Ohio St.3d 64, paragraph one of the syllabus.
Before the trial court recited its charge to the jury, it provided counsel an opportunity to offer instructions. Counsel for Minor at that time argued that assault was a lesser included offense of gross sexual imposition, thereby mandating an instruction for assault. The trial court inquired of counsel for Minor whether he had any authority supporting his position:
 THE COURT: Did I understand you to say that you have case law that indicates an assault would be a lesser included GSI?
[COUNSEL FOR MINOR]: No, I don't.
As evident from the foregoing exchange, Minor failed to fully apprise the trial court of the correct law governing the issue in dispute. This failure has continued on appeal, as Minor has cited to no authority, nor can this Court locate any, that construes the offense of assault as a lesser included offense of gross sexual imposition.
An offense is a lesser included offense of another only if the one has a lesser penalty than the greater, the greater offense subsumes all of the elements of the lesser offense and also includes other elements, and the greater offense can never be committed without the lesser offense also being committed. State v. Thomas (1988), 40 Ohio St.3d 213, 215.
That test is not met in the instant case. Assault proscribes knowingly causing or attempting to cause physical harm to another. R.C. 2903.13(A). Physical harm is defined as any injury, illness, or psychological impairment, regardless of gravity or duration. R.C. 2901.01(A)(3). Gross sexual imposition outlaws sexual contact with a person less than thirteen years of age. R.C. 2907.05(A)(4). Sexual contact is defined as any touching of the erogenous zone of another, including the buttocks, for the purpose of sexually arousing or gratifying either person. R.C.2907.01(B). Certainly physical harm and sexual contact are not synonymous elements as a matter of law. See, e.g., State v. Dawson
(1984), 16 Ohio App.3d 443.
Minor's failure to object to the omission of his requested instruction and to fully apprise the trial court of the correct law governing the issue in dispute constitutes a waiver. Accordingly, Minor's third assignment of error is overruled.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
BAIRD, P.J. and WHITMORE, J. concur.