{¶ 49} I concur in the judgment of the majority as to all matters except for the disposition of the second assignment of error. As to the second assignment of error, I dissent. I would not find that the defendant must object to the trial court's erroneous sentencing procedure. I would find error in the sentencing procedure of the trial judge and remand the matter for resentencing.
 {¶ 50} In finding a waiver of error in the sentencing procedure because of a failure to object to the lack of findings required by R.C. 2929.14(B), the majority relies on specific language in State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165. The cited language comes as Comer explains that the reason for requiring the statutorily sanctioned findings to be made at a sentencing hearing as opposed to being presented in a journal entry is to provide trial counsel with "the opportunity to correct obvious errors." Id. at ¶ 22. As I understand Comer,
this language contemplates the opportunity for defense counsel to object to a faulty or erroneous explanation of findings by the trial judge. For example, the trial judge may state relevant details regarding previous convictions incorrectly. In other words, there will be an affirmative action by the trial judge which may support an objection. It is only then, that a "meaningful review" of the sentencing decision may be protected. Id. The Comer language certainly does not, in my view, contemplate the need for defense counsel to object to a complete absence of any statement by the trial judge of the critical findings.
 {¶ 51} It is not up to the defendant in a criminal matter to object to a failure of the trial judge to recite findings in the sentencing procedure; rather, it is up to the trial judge to get it right. See, e.g., Dillon v. State (1883), 38 Ohio St. 586, syllabus, (stating "it is the duty of the court to `pronounce the judgment provided by law'"). The obligation falls to the trial judge and should not be waivable by the defendant. See, generally, State v. Ragland (1984), 17 Ohio App.3d 221, syllabus.
 {¶ 52} Sentencing statutes, like all criminal enactments, are to be strictly construed against the state, and liberally construed in favor of the accused. R.C. 2901.04(A). Courts are obligated to impose sentences authorized by the legislature.State v. Jones (May 24, 2001), 8th Dist. No. 77657. Sentences imposed in contravention of statutory mandates are, by definition, unlawful and may not stand
 {¶ 53} I find myself in agreement with the second appellate district, which recently stated: "We, however, have never required a defendant to object to the sentence imposed by the court as a condition of raising a sentencing error on appeal."State v. Carson, 2nd Dist. No. 2002-CA-73, 2003-Ohio-5958, at ¶ 34. See, also, State v. Reid, 8th Dist. No. 83206, 2004-Ohio-2018, at ¶ 42 (stating that defense counsel is not required to object to the court's sentence in order to preserve the issue for appeal). I would not require a defendant to object to a patently illegal sentence. See, e.g., State v. Rangel
(2000), 140 Ohio App.3d 291, 300 (Painter, J., dissenting).
 {¶ 54} Consequently, I would find merit in the second assignment of error and remand for resentencing.