[Cite as *State v. Pete*, 2013-Ohio-663.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | CASE NO.    12 MA 36 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | O P I N I O N |
| | ) | |
| SAMUEL PETE, | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |


CHARACTER OF PROCEEDINGS:      Criminal Appeal from Common Pleas
                              Court, Case No. 11CR946.


JUDGMENT:                      Affirmed.


APPEARANCES:
For Plaintiff-Appellee:        Attorney Paul Gains
                              Prosecuting Attorney
                              Attorney Ralph Rivera
                              Assistant Prosecuting Attorney
                              21 West Boardman Street, 6th Floor
                              Youngstown, Ohio  44503


For Defendant-Appellant:       Attorney Jay Blackstone
                              P.O. Box 3412
                              Youngstown, Ohio  44513


JUDGES:
Hon. Joseph J. Vukovich
Hon. Gene Donofrio
Hon. Mary DeGenaro


                                              Dated: February 15, 2013

VUKOVICH, J.

{¶1} Defendant-appellant Samuel Pete appeals from his conviction and sentence entered in the Mahoning County Common Pleas Court for breaking and entering and possessing criminal tools. Appointed counsel filed a no merit brief and requested leave to withdraw. A review of the case file and brief reveals that there are no appealable issues. Accordingly, appointed counsel's motion to withdraw is hereby granted and the conviction and sentence are affirmed in all respects.

Statement of the Case

{¶2} On September 15, 2011, Pete was indicted for one count of breaking and entering in violation of R.C. 2911.13(A) and (C), a fifth-degree felony, and one count of possessing criminal tools in violation of R.C. 2923.24(A) and (C), a fifth-degree felony. Pete initially pled not guilty to the offenses; however, he later withdrew that plea and entered a guilty plea to the indicted offenses. The state, as part of the plea agreement, agreed to recommend at sentencing in-house treatment at the Community Corrections Association (CCA) if Pete was eligible. If he was ineligible, the state agreed it would recommend an aggregate sentence of six months in prison. 11/09/11 Plea Tr. 2. After a plea colloquy, the trial court accepted the guilty plea and the matter was set for sentencing. 11/09/11 Tr. 10.

{¶3} At the sentencing hearing it was revealed that Pete was ineligible for an in-house program at CCA. 01/17/12 Tr. 4, 7-11. Thus, the state recommended an aggregate sentence of six months. 01/17/12 Tr. 4. The trial court did not follow the state's recommendation. Rather, it imposed an aggregate sentence of 12 months; Pete received a six month sentence for each conviction and those sentences were ordered to be served consecutive to each other. 01/17/12 Tr. 13. Additionally, he was notified that he could be subject to up to three years of postrelease control. 01/17/12 Tr. 13-14.

{¶4} Pete filed an untimely notice of appeal from the sentencing judgment entry. 02/23/12 Notice of Appeal. Therefore, we ordered Pete to file a motion for delayed appeal pursuant to App.R. 5(A), which he did. 03/22/12 J.E. and 04/23/12 Motion. We granted the request and allowed the appeal to proceed. 05/04/12 J.E.

After reviewing the record, appointed counsel has filed a no merit brief asking to withdraw because there are allegedly no appealable issues.

<u>Analysis</u>

**{¶5}** When appellate counsel seeks to withdraw and discloses that there are no meritorious arguments for appeal, the filing is known as a no merit brief or an *Anders* brief. *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). In this district, it has also been called a *Toney* brief. *State v. Toney,* 23 Ohio App.2d 203, 262 N.E.2d 419 (7th Dist.1970).

**{¶6}** In *Toney,* this court set forth the procedure to be used when counsel of record determines that an indigent's appeal is frivolous:

3. Where court-appointed counsel, with long and extensive experience in criminal practice, concludes that the indigent's appeal is frivolous and that there is no assignment of error which could be arguably supported on appeal, he should so advise the appointing court by brief and request that he be permitted to withdraw as counsel of record.

4. Court-appointed counsel's conclusions and motion to withdraw as counsel of record should be transmitted forthwith to the indigent, and the indigent should be granted time to raise any points that he chooses, pro se.

5. It is the duty of the Court of Appeals to fully examine the proceedings in the trial court, the brief of appointed counsel, the arguments pro se of the indigent, and then determine whether or not the appeal is wholly frivolous.

* * *

7. Where the Court of Appeals determines that an indigent's appeal is wholly frivolous, the motion of court-appointed counsel to withdraw as counsel of record should be allowed, and the judgment of the trial court should be affirmed.

*Id.* at syllabus.

**{¶7}** The no merit brief was filed by counsel on July 10, 2012. On July 18, 2012, this court informed Pete of counsel's no merit brief and granted him 30 days to file his own written brief. In response, Pete asked for an extension of time to file his brief, which we granted and allowed him until August 30, 2012 to file his brief. 07/20/12 J.E. Pete, however, has not filed a *pro se* brief. Thus, our analysis will proceed with an independent examination of the record to determine if the appeal is frivolous.

**{¶8}** In our independent review, this court will review whether the plea was entered knowingly, intelligently and voluntarily and whether the sentence complies with the law. Each issue will be reviewed in turn.

Plea

**{¶9}** Crim.R. 11(C) provides that a trial court must make certain advisements prior to accepting a defendant's guilty plea to ensure that the plea is entered into knowingly, intelligently and voluntarily. These advisements are typically divided into constitutional rights and nonconstitutional rights. The constitutional rights are: 1) a jury trial; 2) confrontation of witnesses against him; 3) the compulsory process for obtaining witnesses in his favor; 4) that the state must prove the defendant's guilt beyond a reasonable doubt at trial, and 5) that the defendant cannot be compelled to testify against himself. Crim.R. 11(C)(2)(c); *State v. Veney,* 120 Ohio St.3d 176, 2008–Ohio–5200, 897 N.E.2d 621, ¶ 19–21. The trial court must strictly comply with these requirements; if it fails to strictly comply, the defendant's plea is invalid. *Veney* at ¶ 31; *State v. Ballard,* 66 Ohio St.2d 473, 477, 423 N.E.2d 115 (1981).

**{¶10}** The nonconstitutional rights that the defendant must be informed of are: 1) the nature of the charges; 2) the maximum penalty involved, which includes, if applicable, an advisement on postrelease control; 3) if applicable, that the defendant is not eligible for probation or the imposition of community control sanctions, and 4) that after entering a guilty plea or a no contest plea, the court may proceed directly to judgment and sentencing. Crim.R. 11(C)(2)(a)(b); *Veney* at ¶ 10–13; *State v. Sarkozy,* 117 Ohio St.3d 86, 2008–Ohio–509, 423 N.E.2d 1224, ¶ 19–26, (indicating that postrelease control is a nonconstitutional advisement). For the nonconstitutional

rights, the trial court must substantially comply with Crim.R. 11's mandates. *State v. Nero,* 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Veney* at ¶ 15, quoting *Nero* at 108. Furthermore, a defendant who challenges his guilty plea on the basis that the advisement for the nonconstitutional rights did not substantially comply with Crim.R. 11(C)(2)(a)(b) must also show a prejudicial effect, meaning the plea would not have been otherwise entered. *Veney* at ¶ 15, citing *Nero* at 108.

{¶11} The trial court's advisement on the constitutional rights strictly complied with Crim.R. 11(C)(2)(c). Pete was informed and indicated that he understood that by pleading guilty he was waiving his right to a jury trial, his right to confront witnesses against him, his right to subpoena witnesses in his favor and his right to have the state prove beyond a reasonable doubt every element of the indicted offenses. 11/09/11 Plea Tr. 4-5. He was also informed and stated he understood that if he went to trial he could not be compelled to testify against himself. 11/09/11 Plea Tr. 4-5.

{¶12} Likewise, we also find that the trial court's advisement as to the nonconstitutional rights substantially complied with Crim.R. 11(C). Pete was asked if he understood what the charges were and all the elements contained therein. 11/09/11 Plea Tr. 3. He indicated that he did. 11/09/11 Plea Tr. 3. He was informed of the maximum penalty involved for those offenses; each offense is a fifth-degree felony and carries a maximum prison sentence of 12 months, a maximum fine of $2,500, and up to three years of postrelease control following completion of the sentence. 11/09/11 Plea Tr. 6-7. *See also* R.C. 2929.14(A)(5) (stating the maximum term for a fifth-degree felony); R.C. 2929.18(A)(3)(e) (stating the maximum fine for a fifth-degree felony); R.C. 2967.28(C) (postrelease control). The trial court further advised Pete that upon accepting the guilty plea it could proceed immediately to sentencing. 11/09/11 Plea Tr. 5-6. Lastly, although not required to do so by the language of Crim.R. 11 (C), the trial court advised Pete that the offenses were

probationable offenses and thus, he was eligible for community control sanctions. 11/09/11 Plea Tr. 6.

**{¶13}** Therefore, as we can find no errors in the Crim.R. 11(C) colloquy, we hold that the plea was intelligently, voluntarily, and knowingly entered. There are no appealable issues concerning the plea.

<u>Sentencing</u>

**{¶14}** We review felony sentences using both the clearly and convincingly contrary to law and abuse of discretion standards of review. *State v. Gratz,* 7th Dist. No. 08MA101, 2009–Ohio–695, ¶ 8; *State v. Gray,* 7th Dist. No. 07MA156, 2008–Ohio–6591, ¶ 17. We first determine whether the sentencing court complied with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. *Gratz* at ¶ 8, citing *State v. Kalish,* 120 Ohio St .3d 23, 2008–Ohio–4912, 896 N.E.2d 124, ¶ 13–14. Then, if it is not clearly and convincingly contrary to law, we must determine whether the sentencing court abused its discretion in applying the factors in R.C. 2929.11, R.C. 2929.12 and any other applicable statute. *Gratz* at ¶ 8, citing *Kalish* at ¶ 17.

**{¶15}** Pete pled guilty to breaking and entering and possessing criminal tools, both of which are fifth-degree felonies. The court sentenced him to an aggregate sentence of 12 months; he received a six month sentence for each offense and those sentences were ordered to be served consecutive to each other. 01/17/12 Sentencing Tr. 13. He was also informed that following his release from prison he could be ordered to serve an additional term of up to three years of postrelease control. 01/17/12 Sentencing Tr. 13. This sentence is within the sentencing range of 6, 7, 8, 9, 10, 11 and 12 months that is permitted by R.C. 2929.14(A)(5) for a fifth-degree felony. Likewise, the postrelease control advisement is correct; R.C. 2967.28(C) indicates that he can be subject to up to three years of postrelease control.

**{¶16}** At the sentencing hearing and in the judgment entry, the trial court indicated that it considered all applicable statutes when determining the appropriate sentence. In the Judgment Entry it stated:

The Court has considered the record, statements of counsel and of Defendant, the pre-sentence report, as well as the purposes and principles of sentencing under O.R.C. 2929.11. The Court has balanced the seriousness and recidivism factors under O.R.C. 2929.12 and has followed the guidance by degree of felony in O.R.C. 2929.13.

* * *

The Court finds that Defendant is not amenable to Community Control and that prison is consistent with the purposes and principles of O.R.C. 2929.11.

01/18/12 J.E.

**{¶17}** At the sentencing hearing, the trial court made the following statement:

All right. The court considers the principles and purposes of sentencing and the seriousness and recidivism factors and the guidance by degree of felony. The court considers the PSI, the recommendations of the probation department and the parties. The court further considers the fact that the defendant has been to prison before and committed theses offenses while on a community control sanction. The court further considers the fact [sic] defendant has a felony pending before Judge Sweeney.

01/17/12 Sentencing Tr. 12-13.

**{¶18}** Thus, the trial court did comply with all applicable statutes in issuing the sentence. The sentence is not clearly and convincingly contrary to law.

**{¶19}** Furthermore, we also find that the trial court did not abuse its discretion in imposing the aggregate sentence of 12 months.[1] Considering the recidivism and

---

[1]The trial court ordered consecutive sentences in this case. It is acknowledged that in September 2011 the General Assembly amended R.C. 2929.14 to require findings to be made before imposition of consecutive sentences. *State v. Blackburn*, 8th Dist. Nos. 97811, 98712, 2012-Ohio-4590, ¶ 32-33. However, H.B. 86 did not become effective until September 30, 2011. *Id.* at ¶ 30. The General Assembly expressly provided in Section 4 of H.B. 86: "The amendments * * * apply to a person who commits an offense specified or penalized under those sections on or after the effective date of this section[.]" Pete committed the offense on August 18, 2011. Thus, the trial court was not required to make the consecutive sentence findings prior to sentencing Pete to consecutive sentences.

seriousness factors espoused in R.C. 2929.12 and the facts of this case, the trial court correctly concluded that a minimum concurrent sentence or a community control sanction was not appropriate. As to recidivism factors, the record, including the PSI, indicates that Pete has an extensive record. Moreover, while out on bond for the instant offenses, Pete committed and was charged with another breaking and entering offense. Thus, Pete has shown a greater likelihood of recidivism. As to seriousness factors, the transcript and the PSI reveals that although the victim was not present at the time of the crimes, there was economic harm that makes the crimes more serious as opposed to less serious. 01/17/12 Sentencing Tr. 3. Thus, the record supports the sentence that was imposed.

{¶20} Admittedly, there was a plea agreement between the state and Pete that the state would recommend an aggregate sentence of six months. Although the state complied with that agreement, the trial court did not follow the state's recommendation. However, that does not render the sentence clearly and convincingly contrary to law or show that the trial court abused its discretion. Trial courts generally are not a party to the plea negotiations and the contract itself. *State v. Vari,* 7th Dist. No. 07MA142, 2010–Ohio–1300, ¶ 24. Thus, "the court is free to impose a sentence greater than that forming the inducement for the defendant to plead guilty so long as the court forewarns the defendant of the applicable penalties, including the possibility of imposing a greater sentence than that recommended by the prosecutor." *Id.,* citing *State v. Martinez,* 7th Dist. No. 03MA196, 2004–Ohio–6806, ¶ 8. That said, we have explained that once the trial court enters into the plea agreement by making a promise, it becomes a party to the agreement and is bound by the agreement. *Vari* at ¶ 24.

{¶21} Here, Pete was advised of the maximum penalty involved. 11/09/11 Plea Tr. 6-7. Furthermore, there is no indication in the record that the trial court was a party to the plea agreement. Therefore, the trial court did not err or abuse its discretion when it chose to disregard the state's sentencing recommendation.

{¶22} Consequently, for all the above reasons there are no appealable sentencing issues.

<u>Conclusion</u>

**{¶23}** For the foregoing reasons, the conviction and sentence are hereby affirmed and counsel's motion to withdraw is granted.

Donofrio, J., concurs.
DeGenaro, P.J., concurs.