[Cite as *State v. Messner*, 2013-Ohio-4166.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | CASE NO. 12 MA 127 |
| V. | ) | |
| | ) | OPINION |
| MATTHEW MESSNER, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:     Criminal Appeal from Court of Common
Pleas of Mahoning County, Ohio
Case No. 10CR1324

JUDGMENT:     Affirmed

APPEARANCES:
For Plaintiff-Appellee     Paul Gains
Prosecutor
Ralph Rivera
Assistant Prosecutor
21 W. Boardman St., 6th Floor
Youngstown, Ohio 44503

For Defendant-Appellant     Attorney Katherine E. Rudzik
26 Market Street, Suite 904
Youngstown, Ohio 44503

JUDGES:

Hon. Gene Donofrio
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite

Dated: September 19, 2013

DONOFRIO, J.

{¶1} Defendant-appellant, Matthew Messner, appeals from a Mahoning County Common Pleas Court judgment convicting him of aggravated burglary, following his guilty plea.

{¶2} On December 22, 2010, a Mahoning County Grand Jury indicted appellant on one count of aggravated burglary, a first-degree felony in violation of R.C. 2911.01(A)(1)(C). Appellant entered a not guilty plea.

{¶3} On April 30, 2012, appellant changed his plea to guilty. In exchange for his plea, plaintiff-appellee, the State of Ohio, agreed to recommend community control if appellant provided documentation of employment and treatment. If appellant did not provide the state with such documentation, then the state agreed to stand silent at sentencing. The trial court accepted appellant's plea and found him guilty.

{¶4} Appellant produced the necessary documentation of his employment and drug addiction treatment. So at sentencing, the state recommended community control. The trial court, however, sentenced appellant to five years in prison.

{¶5} Appellant filed a timely notice of appeal on July 11, 2012.

{¶6} Appellant's appointed counsel has filed a no merit brief and request to withdraw pursuant to *State v. Toney*, 23 Ohio App.2d 203, 262 N.E.2d 419 (7th Dist.1970). In *Toney*, this court set out the procedure to be used when appointed counsel finds that an indigent criminal defendant's appeal is frivolous.

{¶7} The procedure set out in *Toney*, at the syllabus, is as follows:

3. Where a court-appointed counsel, with long and extensive experience in criminal practice, concludes that the indigent's appeal is frivolous and that there is no assignment of error which could be arguably supported on appeal, he should so advise the appointing court by brief and request that he be permitted to withdraw as counsel of record.

4. Court-appointed counsel's conclusions and motion to withdraw as counsel of record should be transmitted forthwith to the indigent, and

the indigent should be granted time to raise any points that he chooses, pro se.

5. It is the duty of the Court of Appeals to fully examine the proceedings in the trial court, the brief of appointed counsel, the arguments pro se of the indigent, and then determine whether or not the appeal is wholly frivolous.

* * *

7. Where the Court of Appeals determines that an indigent's appeal is wholly frivolous, the motion of court-appointed counsel to withdraw as counsel of record should be allowed, and the judgment of the trial court should be affirmed.

**{¶8}** This court informed appellant that his counsel filed a *Toney* brief. Appellant did not file a pro se brief. Likewise, the state did not file a brief.

**{¶9}** Because appellant entered a guilty plea, our review is limited to examining his plea hearing and his sentence.

**{¶10}** The first issue we must examine is whether appellant entered his plea knowingly, voluntarily, and intelligently.

**{¶11}** When determining the voluntariness of a plea, this court must consider all of the relevant circumstances surrounding it. *State v. Trubee*, 3d Dist. No. 9-03-65, 2005-Ohio-552, ¶8, citing *Brady v. United States*, 397 U.S. 742, 90 S.Ct. 1463 (1970). Pursuant to Crim.R. 11(C)(2), the trial court must follow a certain procedure for accepting guilty pleas in felony cases. Before the court can accept a guilty plea to a felony charge, it must conduct a colloquy with the defendant to determine that he understands the plea he is entering and the rights he is voluntarily waiving. Crim.R. 11(C)(2). If the plea is not knowing and voluntary, it has been obtained in violation of due process and is void. *State v. Martinez*, 7th Dist. No. 03-MA-196, 2004-Ohio-6806, ¶11, citing *Boykin v. Alabama*, 395 U.S. 238, 243, 89 S.Ct. 1709 (1969).

**{¶12}** A trial court must strictly comply with Crim.R. 11(C)(2) pertaining to the waiver of federal constitutional rights. *Martinez*, supra, ¶12. These rights include the

right against self-incrimination, the right to a jury trial, the right to confront one's accusers, the right to compel witnesses to testify by compulsory process, and the right to proof of guilt beyond a reasonable doubt. Crim.R. 11(C)(2)(c).

{¶13} The trial court strictly complied with Crim.R. 11(C)(2) in informing appellant of the constitutional rights he was waiving by entering a guilty plea. Before accepting appellant's plea, the trial court informed appellant that by pleading guilty he was waiving his right to have the state prove its case beyond a reasonable doubt, his right to a jury trial, his right to subpoena witnesses to assist him, his right to cross-examine witnesses against him, and his right to remain silent at trial (Plea Tr. 6-7). Appellant indicated to the court that he understood he was waiving these constitutional rights. (Plea Tr. 6-7).

{¶14} A trial court need only substantially comply with Crim.R. 11(C)(2) pertaining to non-constitutional rights such as informing the defendant of "the nature of the charges with an understanding of the law in relation to the facts, the maximum penalty, and that after entering a guilty plea or a no contest plea, the court may proceed to judgment and sentence." *Martinez*, supra, ¶12, citing Crim.R. 11(C)(2)(a)(b).

{¶15} The trial court substantially complied with Crim.R. 11(C)(2) in informing appellant of his non-constitutional rights. The court informed appellant of the nature of the charges against him. (Plea Tr. 5). Appellant told the court that he understood the charges. (Plea Tr. 5). The court informed appellant that it could proceed immediately to sentencing. (Plea Tr. 7). However, the court stated it was not going to do so and would instead order a presentence investigation (PSI). (Plea Tr. 7). The court went on to inform appellant that when he came back to court for sentencing, he faced a maximum sentence of ten years and a maximum fine of $20,000. (Plea Tr. 7-8). The court also informed appellant regarding postrelease control. (Plea Tr. 8-9).

{¶16} Because the trial court complied with Crim.R. 11(C)(2) in addressing appellant and accepting his guilty plea, there are no meritorious appealable issues concerning appellant's plea.

**{¶17}** Next, we must consider appellant's sentence.

**{¶18}** Our review of felony sentences is now a limited, two-fold approach, as outlined in the plurality opinion in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶26. First, we must examine the sentence to determine if it is "clearly and convincingly contrary to law." *Id.* (O'Conner, J., plurality opinion). In examining "all applicable rules and statutes," the sentencing court must consider R.C. 2929.11 and R.C. 2929.12. *Id.* at ¶¶13-14 (O'Conner, J., plurality opinion). If the sentence is clearly and convincingly not contrary to law, the court's discretion in selecting a sentence within the permissible statutory range is subject to review for abuse of discretion. *Id.* at ¶17 (O'Conner, J., plurality opinion). Thus, we apply an abuse of discretion standard to determine whether the sentence satisfies R.C. 2929.11 and R.C. 2929.12. *Id.* at ¶17 (O'Connor, J., plurality opinion).

**{¶19}** Appellant was convicted of a first-degree felony. The possible sentences for a first-degree felony at the time appellant was sentenced were three, four, five, six, seven, eight, nine, or ten years. Former R.C. 2929.14(A)(1). The trial court sentenced appellant to five years. Thus, his sentence was within the applicable range.

**{¶20}** Furthermore, the court stated in its sentencing entry that it considered "the record, presentence investigation report, oral statements and the principles and purposes of sentencing under Ohio Revised Code § 2929.11, and has balanced the seriousness and recidivism factors under Ohio Revised Code § 2929.12."

**{¶21}** And the trial court correctly informed appellant that he was subject to a five-year term of postrelease control.

**{¶22}** Thus, appellant's sentence is not contrary to law.

**{¶23}** Moreover, the trial court did not abuse its discretion in sentencing appellant.

**{¶24}** At sentencing, the state did recommend that the trial court sentence appellant to community control. This was based on the facts that appellant had employment, had sought treatment for his drug addiction, and appeared to be turning

his life around. Nonetheless, the trial court sentenced appellant to five years in prison.

**{¶25}** The court gave a detailed explanation of why it sentenced appellant to prison instead of following the state's recommendation. It indicated that it had reviewed the PSI. (Sen. Tr. 11). The PSI was contrary to the state's recommendation of community control. (Sen. Tr. 9). The court noted that appellant was convicted of a first-degree felony. (Sen. Tr. 12). It noted that an armed robbery of a store was something that it could not tolerate. (Sen. Tr. 12). The court acknowledged the effort appellant had made as admirable. (Sen. Tr. 12). But it also noted that this was appellant's fourth felony. (Sen. Tr. 12). And it observed that all of appellant's past incidents had not turned his life around. (Sen. Tr. 12). It further noted that appellant had many requests to assist him in the past, and had ignored this help. (Sen. Tr. 13). And it pointed out that appellant had used heroin within four or five days of the current offense. (Sen. Tr. 13). Taking all of these things into account, the court ordered appellant to serve a five-year prison sentence.

**{¶26}** When there is a plea agreement in place and the state recommends a particular sentence in accordance with the agreement, the trial court's imposition of a greater sentence does not render the sentence clearly and convincingly contrary to law or show that the court abused its discretion. *State v. Pete*, 7th Dist. No. 12-MA-36, 2013-Ohio-663, ¶20. As long as the court forewarns the defendant of the possible penalties, including the possibility of a sentence greater than that recommended by the state, it may impose a sentence greater than the sentence that induced the plea. *Id.* citing *State v. Vari*, 7th Dist. No. 07-MA-142, 2010-Ohio-1300.

**{¶27}** In this case, before accepting appellant's plea, the trial court informed appellant of the possible penalties he faced and specifically noted that sentencing was up to the court, not to the prosecutor or his attorney. (Plea Tr. 7). Additionally, at the sentencing hearing, the court gave a well-reasoned explanation why it was sentencing appellant to five years in prison. Therefore, we cannot conclude that the trial court abused its discretion in sentencing appellant to prison.

**{¶28}** Thus, after conducting an independent review of the proceedings in the trial court, we find there are no non-frivolous issues for review.

**{¶29}** For the reasons stated above, the trial court's judgment is hereby affirmed. Counsel's motion to withdraw is granted.

Vukovich, J., concurs.

Waite, J., concurs.