[Cite as *State v. Jones*, 2016-Ohio-2924.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | CASE NO. 14 MA 0125 |
| V. | ) | |
| | ) | OPINION |
| ARTHUR JONES, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:     Criminal Appeal from Court of Common
                             Pleas of Mahoning County, Ohio
                             Case No. 2008CR01446

JUDGMENT:                    Affirmed
                             Motion to Withdraw Granted

APPEARANCES:
For Plaintiff-Appellee        Paul Gains
                             Prosecutor
                             Ralph M. Rivera
                             Assistant Prosecutor
                             21 West Boardman Street, 6th Floor
                             Youngstown, Ohio 44503

For Defendant-Appellant       Attorney John B. Juhasz
                             7081 West Boulevard , Suite No. 4
                             Youngstown, Ohio 44512-4362

JUDGES:

Hon. Gene Donofrio
Hon. Cheryl L. Waite
Hon. Carol Ann Robb

Dated: May 4, 2016

DONOFRIO, P.J.

{¶1} Defendant-Appellant, Arthur D. Jones, appeals his convictions and sentences entered in the Mahoning County Common Pleas Court following his guilty pleas to three counts of knowingly selling or offering to sell crack cocaine.

{¶2} On December 4, 2008, a Mahoning County grand jury indicted Jones on three counts: count one, knowingly selling or offering to sell crack cocaine in an amount equal to or greater than twenty-five grams in violation of R.C. 2925.03(A)(1)(C)(4)(f); and counts two and three, knowingly selling or offering to sell crack cocaine in an amount equal to or greater than ten grams but less than twenty-five grams, committed in the vicinity of a school or within 1,000 feet of the boundaries of any school premises, in violation of R.C. 2925.03(A)(1)(C)(4)(e). All three are felonies of the first degree.

{¶3} On December 16, 2008, pursuant to a Crim.R.11 agreement, Jones pleaded guilty to the three counts in the indictment. The State agreed to recommend, at sentencing, a term of ten years. The State also moved that the plea be taken under seal. The trial court granted the motion. In return for possible assistance in further investigations, the State, if it was satisfied with what Jones provided, would then recommend at sentencing that the three counts be amended to make them third degree felonies which would make Jones eligible for probation, should the trial court be inclined to grant probation. As is explained in appointed appellate counsel's brief, during the plea hearing the trial court spent much time explaining to Jones that there was a possibility of much disagreement as to the extent of Jones's potential cooperation and that it would be entirely up to the trial court to decide what sentence to impose. Neither appointed appellate counsel nor Jones raises the perceived extent of Jones's cooperation as an issue here.

{¶4} Jones's sentencing took place on February 25, 2009. At that time, the State recommended a ten year sentence. The trial court sentenced Jones to ten years on each of the three counts, to be served concurrently. We granted Jones's motion to file a delayed appeal on November 3, 2014.

{¶5} On November 12, 2014, Jones filed a motion for appointment of

counsel which was granted on December 2, 2014. Subsequently, it became clear that the plea agreement, plea transcript, presentence investigation, and sentencing transcript were all sealed. Appointed appellate counsel and this court have now had an opportunity to review the sealed items.

**{¶6}** On July 31, 2015, appointed appellate counsel filed a motion to withdraw as counsel and a brief pursuant to *State v. Toney,* 23 Ohio App.2d 203, 262 N.E. 419 (7th Dist. 1970) and *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). The procedure set out in *Toney,* at the syllabus, is as follows:

> 3. Where a court-appointed counsel, with long and extensive experience in criminal practice, concludes that the indigent's appeal is frivolous and that there is no assignment of error which could be arguably supported on appeal, he should so advise the appointing court by brief and request that he be permitted to withdraw as counsel of record.
>
> 4. Court-appointed counsel's conclusions and motion to withdraw as counsel of record should be transmitted forthwith to the indigent, and the indigent should be granted time to raise any points that he chooses, pro se.
>
> 5. It is the duty of the Court of Appeals to fully examine the proceedings in the trial court, the brief of appointed counsel, the arguments pro se of the indigent, and then determine whether or not the appeal is wholly frivolous.
>
> * * *
>
> 7. Where the Court of Appeals determines that an indigent's appeal is wholly frivolous, the motion of court-appointed counsel to withdraw as counsel of record should be allowed, and the judgment of the trial court should be affirmed.

*State v. Messner*, 7th Dist. No. 12 MA 127, 2013-Ohio-4166, ¶ 7.

**{¶7}** Pursuant to *Toney,* on August 19, 2015, this court filed a judgment entry informing Jones that appointed appellate counsel filed a motion to withdraw and a no merit brief and affording Jones thirty days in which to file his own written brief raising any claims of error Jones wished to raise.

**{¶8}** On September 1, 2015, Jones filed a motion to file appellant's brief and memorandum in support, attaching to it his appellant's brief. We now address the two issues presented by appointed appellate counsel as well as the alleged errors identified by Jones in his pro se brief.

**{¶9}** Appellant's appointed counsel identifies two potential issues for appeal: 1) whether Jones's guilty plea was entered into pursuant to *Boykin v. Alabama,* 395 U.S. 238, 243, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) and *Johnson v. Zerbst* 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938) and 2) whether Jones received effective assistance of trial counsel.

**{¶10}** Jones, in his pro se brief, argues that he never signed a plea agreement which is, according to Jones, required by Crim.R.11 (C)(2), and, although he was informed of the mandatory prison time during his plea hearing he never signed a "plea form" reflecting the same.

**{¶11}** The first potential issue identified by appointed appellate counsel is whether Jones's guilty plea was made pursuant to *Boykin* and *Zerbst.* In other words, since entering a guilty plea involves the relinquishment of both constitutional and non-constitutional rights, we must determine if his plea of guilty was made knowingly, voluntarily, and intelligently. *State v. Martinez,* 7th Dist. No. 03-MA-196, 2004-Ohio-6806, ¶ 11, citing *Boykin* at 243. The United States Supreme Court has explained "that in order for a reviewing court to determine whether a guilty plea was voluntary, the United States Constitution requires the record to show that the defendant voluntarily and knowingly waived his constitutional rights." *State v. Nero,* 56 Ohio St.3d 106, 107, 564 N.E.2d 474 (1990) citing *Boykin* at 242-243.

**{¶12}** Crim.R.11(C) "was adopted in order to facilitate a more accurate determination of the voluntariness of a defendant's plea by ensuring an adequate

record for review." *Nero* at 107.

{¶13} Crim.R.11(C)(2)(c) considers the constitutional rights a defendant waives by entering a guilty plea. With regard to those rights, this Court has explained:

> A trial court must strictly comply with Crim.R. 11(C)(2)(c) and orally advise a defendant before accepting a felony plea that the plea waives (1) the right to a jury trial, (2) the right to confront one's accusers, (3) the right to compulsory process to obtain witnesses, (4) the right to require the state to prove guilt beyond a reasonable doubt, and (5) the privilege against compulsory self-incrimination. When a trial court fails to strictly comply with this duty, the defendant's plea is invalid. (Crim.R. 11(C)(2)(c), applied.)

*State v. Elmore,* 7th Dist. No. 08-JE-36, 2009-Ohio-6400*, ¶* 9 quoting *State v. Veney,* 120 Ohio. St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, syllabus.

{¶14} Here, with regard to Jones's constitutional rights, the trial court specifically explained to Jones that he had the right to a jury trial (Plea Tr. 7), he had the right to confront his accusers (Plea Tr. 8-9), he had the right to compulsory process to obtain witnesses (Plea Tr. 9), that he had the right to require the State to prove his guilt beyond a reasonable doubt with regard to each and every element of the three counts (Plea Tr. 7, 8), and he had a privilege against compulsory self-incrimination (Plea Tr. 9). Thus, it appears that the trial court strictly complied with all requirements regarding Jones's constitutional rights and the provisions of Crim.R.11(C)(2)(c).

{¶15} The non-constitutional rights of a defendant are considered in Crim.R.11(C)(2)(a)(b). Those rights are that 1) the defendant must be informed of the nature of the charges, 2) the defendant must be informed of the maximum penalty involved, which includes advisement on post-release control, if it is applicable, 3) the defendant must be informed, if applicable, that he is not eligible for probation or the

imposition of community control sanctions, and 4) the defendant must be informed that after entering a guilty plea or a no contest plea, the court may proceed to judgment and sentence. *State v. Freeman,* 7th Dist. No. 14 MA 25, 2014-Ohio-5725, ¶ 19. See also *State v. Wright,* 7th Dist. No. 09 MA 1, 2009-Ohio-4636, ¶ 13, and *Veney* at ¶ 10-13. With regard to what is required when addressing the non-constitutional rights under Crim.R.11, the Ohio Supreme Court has explained:

> Literal compliance with Crim.R.11 is certainly the preferred practice, but the fact that the trial judge did not do so does not require vacation of the defendant's guilty plea if the reviewing court determines that there was substantial compliance.

*Nero* at 108. The High Court continued:

> Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving.

*Nero* at 108.

**{¶16}** With regard to Jones's non-constitutional rights, the trial court explained to Jones that the three counts against him involved trafficking in cocaine, felonies of the first degree (Plea Tr. 7-8); he could go to prison for up to 10 years on each count, for a total of 30 years; that there is a mandatory minimum sentence on each count of three years, to which Jones responded that he understood (Plea Tr. 10; 12-13); if the trial court accepted the guilty plea it could proceed to judgment and sentencing (Plea Tr. 9); that if Jones was found guilty at trial he would have the right to appeal and if he could not afford an attorney for his appeal one would be appointed for him (Plea Tr. 9); that his plea of guilty was a complete admission of the three charges against him (Plea Tr. 10); that there was a fine that could go up to $20,000.00 with a minimum of $10,000.00 on each count; that if Jones went to prison on the first degree felonies there would be a mandatory period of post-release control that could

last up to five years (Plea Tr. 14); and Jones told the trial court that he was satisfied with his legal representation and advice from counsel and that counsel had done all that Jones had asked him to do in his defense (Plea Tr. 6-7). It seems that the trial court substantially complied in advising Jones of all of his non-constitutional rights and the provisions of Crim.R.11(C)(2)(a)(b). Based on the above, we conclude that Jones entered his plea knowingly, voluntarily, and intelligently.

{¶17} The second potential issue identified by appointed appellate counsel is whether or not there was ineffectiveness of counsel. In order to establish that counsel was ineffective, Jones must show not only that counsel's performance was deficient, but that the deficiency prejudiced the defense. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley,* 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraph two of the syllabus. Absent a showing that any deficient performance by counsel resulted in prejudice to the defendant, a conviction will not be reversed. In *State v. Dickinson,* 7th Dist. No. 03 CO 52, 2004-Ohio-6373, ¶ 13, this Court observed:

> Furthermore, even if counsel's performance at the sentencing hearing was deficient, the conviction cannot be reversed absent a determination that Appellant was prejudiced. *State v. Bradley* (1989), 42 Ohio St.3d 136, 142, 538 N.E.2d 373. "The defendant must thus show that there is reasonable probability that but for the serious error, the result of the trial would have been different." *State v. Baker,* 7th Dist. No. 03 CO 24, 2003-Ohio-7008, ¶ 13; (citation omitted).

There is a presumption that a licensed attorney is competent. *Dickinson,* ¶ 11. The appellant bears the burden of proving ineffectiveness of counsel. *Dickinson,* ¶ 9.

{¶18} Here, Jones was indicted on December 4, 2008. He pled guilty on December 16, 2008. Despite this timeline, there is nothing to suggest that trial counsel's performance was defective. The reasons for the plea agreement were stated at length when Jones pled guilty (See Plea Tr. 2-6; 11-15). If Jones was

helpful in an ongoing investigation, there was the possibility that the charges would be reduced. In light of these and other factors, the plea agreement was sealed. At the plea hearing, the following exchange took place:

> THE COURT: All right. My first question, I assume you are completely satisfied with the representation and the advice that you have received from Attorney Laczko?
> THE DEFENDANT: Yes, sir.
> THE COURT: And he's done everything you've asked him to do in your defense?
> THE DEFENDANT: Yes, sir.

(Plea Tr. 6-7). The exchange continues:

> THE COURT: Okay. Attorney Laczko's in a difficult situation, because as he indicated to me, this case was just presented a week ago. He gets a phone call from the court to come over here last week and meet with you and the officer, and certainly you know more about this case than he does. He's in a situation normally where he's going to ask for some time from me to evaluate the case to effectively represent you. By virtue of this plea today, you're also saying I'm satisfied with what Attorney Laczko has done, and I'm ready to proceed and give up any rights, knowing what the sentences can be. Do you understand all of that?
> THE DEFENDANT: Yes, sir.

(Plea Tr. 13-14). At the sentencing hearing the observation was made that Jones was fortunate to have escaped prosecution by the United States in this matter and that, based on Jones's criminal history, this arrangement probably saved him from an additional ten years imprisonment. (Sent. Tr. pp. 5-7).

{¶19} In addition to the above, Jones filed his own brief after receiving

notification from the court that appointed appellate counsel could find no assignment of error. In his own pro se brief, Jones makes no reference to any possibility that counsel was ineffective in any way. Thus, any claim of ineffective assistance of counsel is wholly frivolous.

{¶20} The next issue this court must address is Jones's sentence.

{¶21} R.C. 2953.08(G) provides that appellate courts review felony sentences to determine if they are contrary to law. *State v. Marcum,* Slip Opinion No. 2016-Ohio-1002. "[A]n appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence." *Id.* at ¶ 23. Pursuant to *Marcum,* we no longer review felony sentences for abuse of discretion. *Id.* at ¶ 1 ("an appellate court need not apply the test set out by the plurality in *State v. Kalish,* 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124").

{¶22} In determining the appropriate sentence, the trial court is directed to consider the purposes and principles of sentencing as espoused in R.C. 2929.11, the seriousness and recidivism factors enumerated in R.C. 2929.12, and the permissible statutory ranges as set forth in R.C. 2929.14.

{¶23} Jones was convicted of three first-degree felonies. The possible sentences for first-degree felonies at the time were three, four, five, six, seven, eight, nine, or ten years. Former R.C. 2929.14(A)(1). The trial court sentenced Jones to ten years on each count to be served concurrently. Thus, Jones's sentence was within the applicable range.

{¶24} In its sentencing entry, the trial court stated that it "considered the record, oral statements, any victim impact statements and Presentence Investigation prepared, as well as the principles and purposes of sentencing under R.C. 2929.11, and has balanced the seriousness and recidivism factors under R.C. 2929.12."

{¶25} The record of the sentencing hearing reflects the same. At the sentencing hearing, the trial court explained that it had read the pre-sentence investigation, that it understood that sometimes people resort to dealing to support a

habit, that the record reflected some addiction and treatment in the past which may have impacted the events of this case, but that the offenses here related to more than personal use. The trial court reflected on Jones's involvement with the Department of Youth Services, prior prison and county jail time, prior incarceration for possession and preparation for sale, parole violation, and the fact that despite all of this, no federal charges were ever filed which probably saved Jones ten years imprisonment. (Sent. Tr. 5-7). The trial court stated that "considering the factors contained in Section 2929 of the Revised Code, I will find that a nonprison sanction would demean the seriousness of the offense, that it would not adequately protect the public or punish you." (Sent. Tr. 7). The trial court told Jones that Jones posed the "greatest likelihood of committing future crimes." (Sent. Tr. 7). The trial court finished by imposing the sentence recommended by the State and explaining post-release control. (Sent. Tr. 7-9).

{¶26} The sentences were within the range of possible sentences, the trial court considered R.C. 2929.11 and R.C. 2929.12, and the sentences are not clearly and convincingly contrary to law.

{¶27} Lastly, this court must consider the pro se brief filed by Jones after he was notified that appointed appellate counsel filed a no-merit brief and moved to withdraw as counsel. Jones first complains that he never signed a "plea sheet" or "plea form" which, according to Jones, is required by Crim.R.11. In fact, the record reflects that on December 16, 2008, Jones signed a "Plea of Guilty Pursuant to Crim.R.11(F)." The plea agreement, which is under seal as noted above, was also signed by his trial attorney and an assistant county prosecutor. The written plea agreement reflected, *inter alia*, Jones's representations that he understood the nature of the charges, was satisfied with counsel, that he waived certain constitutional and statutory rights including the right to a jury trial, to confront witnesses against him, to have compulsory process to obtain witnesses in his favor, to require the State to prove all the elements of the offenses charged beyond a reasonable doubt, that he could not be compelled to testify against himself, that he would have a right to appeal

and that a lawyer would be appointed to represent him. Most importantly, perhaps, the agreement has a page titled "MAXIMUM PENALTY" which reflects a three year minimum mandatory sentence with regard to each of the three counts in addition to the maximum possible time of incarceration. The written agreement reflects that the State agreed to recommend ten years in prison "or as agreed to", which apparently reflects the possible amendments per the sealed plea agreement. The agreement further reflects that Jones understood that he was not eligible for probation or community control, and that the court was required to impose a prison sanction, as well as other items not now at issue.

**{¶28}** Jones also complains that at the sentencing hearing, the trial judge did not indicate that his ten year sentence was mandatory. As illustrated above, the ten year sentence was not mandatory. The mandatory minimum sentence was three years. Ten years was the maximum possible sentence. As also illustrated above, the mandatory sentence was explained during the plea hearing and is included in the written Crim.R.11 plea agreement signed by Jones.

**{¶29}** Thus, after conducting an independent review of the proceedings in the trial court, as well as the issues raised by Jones in his pro se brief, we find that there are no meritorious issues for review.

**{¶30}** On consideration of appointed appellate counsel's no merit brief, Appellant's pro se brief, and our review of the record, we find that there is no merit in any assignment of error and that an appeal would be wholly frivolous. Accordingly, the trial court's judgment is affirmed and appointed appellate counsel's motion to withdraw is granted.

Waite, J., concurs.

Robb, J., concurs.